## KENNEDY *vs.* GUISE.

Where a bill praying for an injunction is based upon trespass to real estate in cutting down and sawing up the timber thereon, and it is alleged that the chief value of the land consists in the timber, it being quite poor and of little value for agriculture, and that the complainant apprehended that the defendant would fell and destroy all the timber, and leave the tops and limbs unsuited for lumber to rot on the ground and generate malaria and produce sickness in defendant's family, he living on adjoining lands and cultivating them, having bought this lot for its timber; but where complainant failed to allege insolvency in the defendant, and while he set up title alleged to be perfect in himself, yet disclosed the fact that the defendant also claimed under title, though charged to be fraudulent, and did not charge that his own was older than defendant's, and where the bill disclosed the fact that defendant had erected a saw-mill on the land, and was regularly and openly sawing the timber, but failed to allege when this was done, whether before or after complainant's purchase, which purchase was only a short while, some two years, before the bill was brought for enjoining the trespass:

*Held* 1. That the facts made by the bill, taken altogether, are not sufficient to take the case out of the ordinary rule that equity will not interfere to restrain trespass where the defendant is solvent, but will leave the parties to their remedy at law.

2. That the chancellor's discretion in refusing the injunction without hearing from the defendant by the temporary restraining order and rule to show cause, was not abused.

JACKSON, Justice.